UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RUBEN G. SERVANTES and
ESMERALDA SERVANTES,

       Plaintiffs,                    Civil Action No.
                                         14-CV-13324

vs.

                                         Honorable Patrick J. Duggan

CALIBER HOME LOANS, INC.,

       Defendant.
_____/

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION TO DISMISS

      This matter is presently before the Court on Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), which was filed on October 10, 2014. Defendant seeks dismissal of all three counts asserted in Plaintiffs' complaint. Plaintiffs have neither filed a response in opposition to the motion, nor have they requested an extension of time in which to do so. The time to file a response under E.D. Mich. LR 7.1(e)(1) has expired.

      The Court has thoroughly reviewed the complaint and Defendant's motion to dismiss, and will dispense with oral argument. *See* E.D. Mich. LR 7.1(f). The Court will grant Defendant's motion for the following reasons.

The Court dismisses count one, alleging that Defendant breached an implied covenant of good faith and fair dealing by disingenuously negotiating loss mitigation assistance with Plaintiffs, because "Michigan does not recognize a claim for breach of an implied covenant of good faith and fair dealing." *Belle Isle Grill Corp. v. City of Detroit*, 256 Mich. App. 463, 476, 666 N.W.2d 271, 279-80 (Mich. Ct. App. 2003). The Court dismisses count two, alleging that Defendant made false statements of fact to induce Plaintiffs to refrain from defending the foreclosure, because the allegations of fraud are not pled with sufficient particularity. *See* Fed. R. Civ. P. 9(b); *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). Finally, the Court dismisses count three, alleging that Defendant violated the Real Estate Settlement Procedures Act (RESPA) by prematurely abandoning the loss mitigation process with Plaintiffs in violation of 12 C.F.R. § 1024.39-41, because the principal relief sought by Plaintiffs – to stay or set aside the sheriff's sale or, alternatively, to permit the matter to proceed to judicial foreclosure – is unavailable to them under RESPA. *See* 12 C.F.R. § 1024.41 (providing that the provisions this section may be enforced under 12 U.S.C. § 2605(f)); 12 U.S.C. § 2605(f) (authorizing monetary damages only; specifically, actual damages resulting from RESPA violation and, in the case of "a pattern or practice of noncompliance," statutory damages not to exceed $2000). To the extent Plaintiffs may wish to proceed with a RESPA claim for monetary damages

only, the Court dismisses the claim because Plaintiffs have not alleged that Defendant's alleged violations of 12 C.F.R. § 1024.39-41 resulted in actual damages, *see Drew v. Kemp-Brooks*, 802 F. Supp. 2d 889, 898 (E.D. Mich. 2011) (to successfully plead RESPA violation under § 2605(f), plaintiff must allege actual damages resulting from the RESPA violation), and Plaintiffs have not pled "a pattern or practice of noncompliance."

For these reasons, Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**.

**SO ORDERED**.

Dated: December 10, 2014        s/PATRICK J. DUGGAN
                                UNITED STATES DISTRICT JUDGE

Copies to:
Thomas A. Balinski, Esq.
Samantha L. Walls, Esq.
Michael J. Blalock, Esq.